Union County Court of Common Pleas.

WHITE ET AL. v. PUBLIC SERVICE CO-ORDINATED
TRANSPORT ET AL.

Decided March 3, 1943.

For the plaintiffs, *Eugene A. Liotta.*

For the defendant Public Service Co-ordinated Transport, *Henry H. Fryling.*

McGRATH, C. P. J. The jury returned a verdict as follows: "We find Max Kreisberg guilty." Public Service Co-ordinated Transport argues that this is a complete verdict though informal in form. The court may mould a verdict when it is obvious that the jury intended a complete disposition of the issues, but in such cases the judge is merely carrying out the intention of the jury. The judge cannot perform any of the jury's functions in order to perfect an incomplete or incongruous verdict. Here the jury may have meant to find the defendant Max Kreisberg guilty of negligence, or it may have gone further and considered the liability of both defendants and concluded that the negligence of Kreisberg was the sole cause of the collision, but this is only guesswork and the judge is not permitted to guess at what the jury may have meant.

The verdict is also incongruous since if the jury had intended to find Kreisberg guilty of negligence which was the sole cause of the collision, they naturally would have gone further and fixed the damages against him. The fact that they did not fix damages is inconsistent with a finding that his negligence alone caused the collision, and indicates that the jury did not completely dispose of the issues. A mere finding of "guilty" disposes of nothing. It does not comprehend the whole issue and is in disregard to the court's instructions.

It is thereupon ordered that the verdict heretofore rendered in the above-entitled cause be and the same is set aside and for nothing holden, and that a new trial of the matters in issue in said cause be granted in accordance with the rules of the court.

It is further ordered that costs of this motion shall abide the event of this suit.